UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

RANDY GONZALEZ,

                 Plaintiff,         VERIFIED COMPLAINT

-against-                           AND DEMAND FOR
                                     A JURY TRIAL

THE CITY OF NEW YORK, N.Y.C.
POLICE OFFICER DERRICK BAITY,
AND N.Y.P.D OFFICER "JOHN DOE",      **SCANLON, M.J.**
EACH SUED INDIVIDUALLY AND
IN HIS OFFICIAL CAPACITY,

                 Defendants.

----------------------------------------------------------X

1. This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and for unlawful imprisonment, harassment, intentional infliction of emotional distress, negligence and negligent hiring and/or retention of incompetent, unqualified, unfit and assaultive employees, by reason of the unlawful acts of defendants.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983. Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

3. Plaintiff RANDY GONZALEZ is a resident of New York City, Kings County, State of New York.

4. At all times hereinafter mentioned, the Defendant New York City Police officers were

They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

9. On or about March 12, 2012, at approximately 1:00 P.M., plaintiff was walking home, which is located at 1109 Jefferson Avenue, after dropping off some cupcakes at his mother's job as a school aide at P.S. 75.

10. When he got two houses away, plaintiff was stopped in front of 1113 Jefferson Avenue by N.Y.P.D. officers, who pulled up in an unmarked patrol car.

11. The passenger asked plaintiff where he was going.

12. Plaintiff stated he was going home.

13. The officer asked him if he had any drugs on him.

14. Plaintiff responded "no".

15. Then the officer asked him if he had anything on him that he shouldn't.

16. Plaintiff responded by saying, "No, but I do have a pocket knife."

17. Plaintiff's mother had bought him the 3" folding knife, which is legal to possess, in case her son ever got "cornered" or threatened.

18. The police arrested plaintiff and charged with him with violating Penal Law 265.01 (1), although the knife was clearly not illegal.

19. Plaintiff was held for approximately 2 ½ -3 hours and released from the 83rd precinct with a desk appearance ticker.

20. Plaintiff went to court on the return date of April 16, 2012. The case was not ready.

21. On January 22, 2013, plaintiff received a letter from the Kings County District Attorney's Office that they had declined to prosecute this arrest (Arrest # K12625095).

22. As a result of this false arrest and violation of his civil rights, plaintiff suffered various psychological and economic injuries.

23. Defendant City has pursued a policy and custom of deliberate indifference to the rights of persons in its domain, including the Plaintiff, in its procedures for supervising and removing, when appropriate, unstable and violent officers from their duties, including but not limited to the fact that the defendants knew or should have known of the individual Defendant's tendencies to make unlawful stops and seizures and otherwise commit unlawful acts, but took no steps to correct or prevent the exercise of such tendencies.

24. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

25. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

### AS AND FOR A FIRST
### CAUSE OF ACTION FOR FALSE ARREST

26. Plaintiff reiterates and realleges the facts stated in paragraphs 1-5 as if stated fully herein.

27. As a result of their actions, Defendants, under "Color of law", deprived plaintiff of

his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

28. Defendants subjected plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether plaintiffs' rights would be violated by their actions.

29. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## SECOND CAUSE OF ACTION FOR POLICY AND CUSTOM OF DELIBERATE INDIFFERENCE

30. Plaintiff reiterates and realleges the facts stated in paragraphs 1-29 as if stated fully herein.

31. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

32. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

## THIRD CAUSE OF ACTION FOR INVASION OF PRIVACY (UNLAWFUL SEIZURE)

33. Plaintiff reiterates and realleges the facts stated in the above paragraphs as if stated fully herein.

34. The stop of plaintiff was unlawful, as it was not based on any reasonable belief that

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
       November 13, 2013

                          **RESPECTFULLY,**

                          **STEVEN A. HOFFNER, ESQ.**
                          Attorney for the Plaintiff
                          325 Broadway, Suite 505
                          New York, New York 10007
                          (212) 941-8330
                          (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
       November 18, 2013

_____
STEVEN A. HOFFNER, Esq.
(SH-0585)